SLIP OPINION

Cite as 2015 Ark. App. 554

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–132

| | |
|---|---|
| JASON MUNDELL<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** OCTOBER 7, 2015<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-2013-444]<br><br>HONORABLE GARY COTTRELL, JUDGE<br><br>REVERSED AND DISMISSED |

## DAVID M. GLOVER, Judge

Jason Mundell pled guilty to first-degree criminal mischief on April 10, 2014. The trial court withheld imposition of sentence for one year and, among other things, ordered Jason to perform thirty days of community service. On May 8, 2014, the State filed a petition to revoke, alleging Jason had violated the terms and conditions of his suspended sentence with his failure to comply with the conditions of his community service by failing a drug test. Following a hearing on the petition, the trial court found Jason had violated the conditions of his suspended sentence, revoked the suspension, and sentenced him to ninety days in the Crawford County Detention Center, suspending an additional nine months. Jason appeals from the revocation of his suspended sentence. As his sole point of appeal, he contends the trial court erred in determining that he had inexcusably violated a term or condition of his suspended sentence. The State concedes error, and we agree. We therefore reverse and dismiss.

The April 10, 2014 order is the only written statement setting out the conditions for Jason's suspended sentence. He was ordered to pay restitution, a fine, court costs, a booking fee, administrative fees, and to have no offensive contact with Horace Pruitt. The order conditioned his suspension on good behavior and the performance of thirty days' community service at the Crawford County Courthouse.

The May 8, 2014 petition to revoke alleges Jason had failed to comply with the terms and conditions of his community service by failing a drug test, and his conduct was in violation of the terms and conditions of the suspended sentence. However, as argued by Jason, there was nothing demonstrating he was given any notice that the community-service supervisor would require him to stop taking his prescription pain medication in order to perform the community service. While he did not actually fail a drug test, Jason agreed that he would fail the test if he took it because of his prescription medication, which was an opiate. Jason was told of the requirement that he not be on any prescription drugs on the first day of his community service, by the supervisor of community service.

It is undisputed Jason suffers from a debilitating joint disease, ankylosing spondylitis, which involves the deterioration of his cartilage, and he has been prescribed pain opiates since he was sixteen years old. When he appeared for community service, the supervisor told him the workplace was 100% drug free, including prescription medication, and he would have to stop taking the medication to complete the community service. That requirement was not a written condition of his suspended sentence and doing so would cause debilitating pain. Moreover, the only violation alleged in the petition to revoke was a "failed drug test."

The State concedes error in this case based upon our opinion in *Schubert v. State*, 2013 Ark. App. 698. The facts are very similar, even involving the same community-service supervisor. Our court concluded in *Schubert* that the additional requirement regarding prescription medications was not an adequate basis for revocation. We see no credible way to distinguish the instant case from *Schubert*. Therefore, we agree with the State's concession of error and reverse and dismiss the trial court's revocation of Jason's suspended sentence.

Reversed and dismissed.

VIRDEN and VAUGHT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.